**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| L'OREAL STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-7258 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| TCC WIRELESS, LLC, and OMAR | ) | |
| ANDRABI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, L'Oreal Stephenson, brings this action against her former employer, TCC

Wireless, LLC ("TCC"), and her former supervisor, Omar Andrabi. Stephenson alleges that the

defendants failed to pay her overtime and retaliated against her in violation of the Fair Labor

Standards Act, 29 U.S.C. 201 *et seq.*, discriminated against her and constructively discharged her in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, and intentionally

inflicted emotional distress on her in violation of Illinois law. The defendants now move to dismiss

the Fair Labor Standards Act claims against Andrabi, to dismiss Stephenson's Fair Labor Standards

Act retaliation claim against both defendants, and to dismiss Stephenson's intentional infliction of

emotional distress claim for failure to state a claim on which relief may be granted. For the reasons

set forth herein, that motion [8] is granted in part and denied in part.

**Background**

The following facts are taken from Stephenson's complaint and are accepted as true for the

purpose of ruling on the present motion. TCC is an Illinois corporation that operates T-Mobile

retail stores in Illinois. Each store is supervised by a Retail Sales Manager ("store manager"), who

reports to TCC's district managers. On February 20, 2017, Stephenson was hired to be a store

manager at TCC's Chicago Heights location. Before beginning her job, Stephenson was required to attend a mandatory month-long off-site training, which she completed on March 20, 2017. Andrabi became Stephenson's district manager in March 2017. In March, April, and May, Stephenson performed her duties without criticism. Nevertheless, on June 1, 2017, Andrabi placed Stephenson on a performance improvement plan ("PIP") and demoted her to assistant manager at a different store location, which reduced her salary by $14,000 and doubled the distance of her commute. Among other things, the PIP accused Stephenson of being responsible for declining sales in February and March 2017, notwithstanding the fact that Stephenson did not assume her duties at the Chicago Heights store until March 20, 2017. Stephenson ultimately chose to resign because she had a small child and could not accommodate the pay reduction and change in her commute.

During the course of her employment, Stephenson worked in excess of 40 hours a week, but did not receive overtime pay. The Court takes judicial notice of the fact that, in December 2016, a FLSA collective action was filed in this district against TCC concerning TCC's failure to pay store managers and assistant store managers overtime. *Wolfe v. TCC Wireless, LLC*, 16-cv-11663. An amended complaint in that action was filed on March 14, 2017. Stephenson, as a store manager, was a potential member of the putative class in that case.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

The defendants first contend that Stephenson has failed to state a claim for Fair Labor Standards Act (FLSA) violations against Andrabi because Andrabi is not an "employer" subject to the FLSA. The FLSA requires employers to pay certain employees overtime compensation of one and one-half times their normal wages for work in excess of 40 hours per week. 29 U.S.C. § 207(a). The FLSA defines "employer" to encompass "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203. "Employer" thus is defined broadly enough to include other employees, so long as they had supervisory authority over the complaining employee and were responsible, in whole or in part, for the alleged violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). The pertinent question is whether the alleged employer exercised control over the working conditions of the employee. *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008). In determining this, courts consider whether the alleged employer had the power to hire and fire employees, supervised and controlled employee work schedules or conditions, determined the rate and method of payment, and maintained employment records. *Id.* Here, Stephenson alleges that Andrabi exercised considerable control over Defendant TCC's operations, making him an "employer" subject to FLSA liability" This otherwise conclusory claim is supported by Stephenson's factual allegations that Andrabi issued her a PIP, demoted her, and moved her to a different location and a lower salary. These factual allegations are adequate to

suggest, at this point in the proceedings, that Andrabi exercised sufficient control over Stephenson's working conditions to constitute an employer under the Act.

The defendants also contend that Stephenson cannot state a claim for FLSA retaliation. In order to state a claim for retaliation under the FLSA, a plaintiff must allege (1) that she engaged in a legally protected activity, (2) that she suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *Kasten v. Saint-Gobain Performance Plastics Corp.,* 703 F.3d 966, 972 (7th Cir. 2012). The anti-retaliation provision of the FLSA specifically protects employees who "ha[ve] filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act." 29 U.S.C. § 215(a)(3). This provision has been interpreted to include oral complaints, because such complaints provide "fair notice" to the employer that a complaint has been made. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14, 131 S.Ct. 1325, 179 L.Ed.2d 379 (2011). Here, Stephenson alleges that her constructive termination was in retaliation for her status as a putative class member in the not-yet-conditionally-certified class in *Wolfe*.

Stephenson, however, offers no legal authority establishing that putative class membership constitutes a legally protected activity under the FLSA.[1] Putative class members, unlike named plaintiffs or even opt-in plaintiffs, cannot be said to have filed a complaint or instituted any proceeding. Nor can they be said to have taken an action which would provide notice of a complaint to their employer. Indeed, putative class members often are not aware of their status as such, especially prior to the issuance of notice. By definition, a protected activity requires some form of affirmative act protected by the statute that provides fair notice to the employer. Stephenson has

---

[1] Stephenson notes that the right to bring class actions is a protected "concerted activity" under the National Labor Relations Act. *See Herrington v. Waterstone Mortg. Corp.*, No. 11-cv-779-bbc, 2012 WL 1242318, at *3-4 (W.D. Wis. March 16, 2012). The NLRA's protections for collective actions, however, are not comparable to the FLSA's anti-retaliation provision, and Stephenson has offered no compelling argument or legal authority justifying adopting NLRA caselaw to the present context.

failed to establish that potential membership in a putative class satisfies this requirement, and accordingly fails to state a claim for FLSA retaliation.

Finally, the defendants contend that Stephenson has failed to state a claim for intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress under Illinois law, a plaintiff must allege that (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended that his conduct should inflict severe emotional distress or knew that there was a high probability that it would do so, and (3) the conduct in question in fact caused severe emotional distress. *Cook v. Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998). The emotional distress inflicted must be severe, such that no reasonable person could be expected to endure it. *Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767, 66 Ill.2d 85 (1976). Illinois courts limit recovery for intentional infliction of emotional distress in the employment context to instances where an employer has engaged in truly egregious conduct, because "personality conflicts and questioning of job performance are unavoidable aspects of employment and . . . frequently . . . product concern and distress." *Richards v. U.S. Steel*, 869 F.3d 557, 567 (7th Cir. 2017) (quoting *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997)). "As a result, courts are hesitant to conclude that conduct is extreme and outrageous in the employer-employee context unless an 'employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment.'" *Richards*, 869 F.3d at 567 (quoting *Naeem v. Mckesson Drug Co.*, 444 F.3d 593, 605 (7th Cir. 2006) (internal quotation marks omitted)).

Stephenson alleges that she was demoted without cause, and that, as a result of said demotion, her salary was cut and her commute lengthened. She further alleges that these events caused her humiliation and distress and made her continued employment untenable. Such allegations are regrettable, but they do not, alone or in combination, rise to the level of extreme and outrageous conduct capable of giving rise to an intentional infliction of emotional distress claim. *Id.*

**Conclusion**

For the foregoing reasons, the defendants' motion to dismiss [8] is granted in part and denied in part. Stephenson's FLSA retaliation claims and intentional infliction of emotional distress claims are dismissed without prejudice.


SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 2/14/2018